OPINION
{¶ 1} Dan D. Weiner (Dan), attorney-at-law, is an heir of the estate of his deceased mother, Joey Weiner, and is appealing pro se from the decision of the Probate Court of Montgomery County, Ohio, denying Dan's motion and application to remove Ted Weiner, his brother, as executor of the estate of Joey Weiner. The Probate Court denied Dan's motion with the following entry and order:
 {¶ 2} "On this 15th day of July, 2002, this cause [sic] on to be heard upon the motion of Dan D. Weiner for removal of Ted Weiner, Executor for the Estate of Joey Weiner, Deceased, and it appearing to the Court that Ted Weiner has been duly notified of this proceeding and of the time of hearing as required by law, this cause was submitted to the Court upon the motion and was argued by counsel.
 {¶ 3} "The Court, being fully advised in the premises and considering the evidence presented FINDS that all necessary parties are before the Court, and in addition, that the Court has jurisdiction in the premises. The Court FURTHER FINDS that said motion is not well taken for the following reasons.
 {¶ 4} "1. Ted Weiner, as Executor for the Estate of Joey Weiner, did not violate, and has not violated, any fiduciary duty in his administration of the Estate.
 {¶ 5} "2. Ted Weiner, as Executor for the Estate of Joey Weiner, was justified in dismissing the wrongful death lawsuit, Case No. 2000 CV 02429, filed on behalf of the Estate by Dan D. Weiner. Said lawsuit was filed without the permission of the Executor and without the necessary prima facie evidence to support such a lawsuit.
 {¶ 6} "3. That Ted Weiner, as Executor for the Estate of Joey Weiner, on numerous occasions attempted to step down and allow Dan D. Weiner, as Successor Executor, to administer the estate, but Dan D. Weiner, unreasonably and without basis, refused to release Ted Weiner, as Executor for the Estate of Joey Weiner, in writing.
 {¶ 7} "4. Ted Weiner, as Executor for the Estate of Joey Weiner, had cause to demand a written release prior to stepping down as Executor, as Dan D. Weiner had threatened to sue the Executor on numerous occasions.
 {¶ 8} "It is accordingly ordered, adjudged and decreed that the said motion of Dan D. Weiner is hereby DENIED.
 {¶ 9} "It is so ordered."
 {¶ 10} Dan brings us the following three assignments of error:
 {¶ 11} "1. The trial judge committed prejudical [sic] by overruling appellant's motion to vacate the judgment.
 {¶ 12} "2. The trial judge erred by overruling appellant's motion without a hearing.
 {¶ 13} "3. The trial judge committed prejudical error by failing to make a record of the proceedings on July 15, 2002."
 {¶ 14} Dan actually filed a notice of appeal from the decision of the probate court entered on August 6, 2002, and a second notice of appeal from the subsequent denial of Dan's Rule 60(B) motion to vacate the August 6, 2002, decision. The second appeal, Case No. 19564 proceeded with briefs and a subsequent oral argument. The first appeal, Case No. 19533, was ignored by the parties, who consist of Dan and the estate, represented by counsel, and this court subsequently sua sponte consolidated both appeals as the arguments pertain to both.
 {¶ 15} Dan argues in his third assignment of error that his application to remove the executor did not actually proceed to a full hearing, but rather was discussed by Dan and the attorneys for the estate in the judge's chambers and no transcript was made of this discussion. The court, however, was obviously convinced following this discussion that Dan's application to remove the executor had no merit. Dan presents arguments in his brief as to why the court was in error in so ruling, but without a transcript, this court has no ability to assess what convinced the probate court to so rule. The Supreme Court of Ohio has held that: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record . . . when portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 16} Dan could have arranged for a court reporter to transcribe the proceedings in the Probate Court's chambers or, alternatively, prepared a statement of the proceedings pursuant to App.R. 9(C). He did neither.
 {¶ 17} We must follow the holding of the Supreme Court as set forth in Knapp, supra, and find that there is nothing before us to counter the presumption of the validity of the decision by the Probate Court. We must, therefore, affirm. The three assignments of error are overruled, and the judgment is affirmed.
BROGAN and WOLFF, JJ., concur.